Filed 11/26/25  P. v. Watkins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101834 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 23FE006951 & 24FE006023) |
| v. | |
| MARQUES WATKINS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Marques Watkins asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding none, we affirm.

## I.    BACKGROUND

This is an appeal of two cases.  In the first case (24FE006023), the amended information charged defendant and two codefendants with assault by means likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)[1]  It alleged the enhancement that defendant inflicted great bodily injury.  (§ 12022.7, subd. (a).)  It also

---

[1]    Undesignated statutory references are to the Penal Code.

1

alleged aggravating circumstances that (a) the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness; (b) defendant's prior convictions were numerous and of increasing seriousness; (c) defendant served a prior prison or jail term; and (d) defendant was on probation, mandatory supervision, post release community supervision or parole when he committed the crimes. (Cal. Rules of Court, rule 4.421, subds. (a)(1), (b)(2), (b)(3), (b)(4).)

On April 3, 2024, Deputy Sheriff Tyler O'Brien responded to a fight at Sacramento County Jail. At trial, the People showed footage of the fight to the jury. In the video, a group of inmates were near a cell. Codefendant Luis Delvalle struck the victim on the right side of the face. The video then shows defendant stepping into the frame, knocking the victim to the ground and punching and kicking him while the victim was on the ground. The entire fight took five to ten seconds.

After the fight, officers handcuffed the victim and took him to medical with a bloody nose and bloody lip. A jail doctor testified the victim had an extensive lip laceration that was a "2-centimeter linear superficial bleeding laceration of the lower lip." The doctor characterized the injury as significant.

The jury found defendant guilty of assault but found the great bodily injury enhancement not true. After a court trial on the aggravating circumstances, the court found three of the circumstances true and did not rule on the prison term allegation.

In the second case (23FE006951), the amended information charged defendant with violating sections 2800.4 and 2800.2, subdivision (a) of the Vehicle Code – driving a car on the wrong side of the road to evade police officers and while the distinctively marked pursuing police car had lights illuminated and siren activated. As an aggravating circumstance, the information alleged defendant was on probation, mandatory supervision, postrelease community supervision or parole when he committed the offense. (Cal. Rules of Court, rule 4.421, subd. (b)(4).)

Defendant moved to suppress his seizure in this case, alleging the police activated their lights and siren before he had failed to yield at a stop sign. Before the suppression motion was heard, defendant pled guilty to both charges and admitted the circumstance in aggravation in exchange for a court offer of a 16-month low term.

Following trial in the first case, the court sentenced defendant in both cases. The court imposed the upper term of four years in state prison on the assault conviction and a consecutive one-third the middle term of eight months in state prison (with a stay of the term for the section 2800.2, subdivision (a) conviction, under section 654) on the Vehicle Code convictions. The trial court reserved jurisdiction over direct victim restitution in an amount to be determined, imposed a $300 restitution fine (§ 1202.4), a stayed equal parole revocation fine (§ 1202.45), $120 in court operations assessment fees (§ 1465.8), and $90 in conviction assessment fees. (Gov. Code, § 70373).

Defendant filed a timely notice of appeal in the first case, and this court granted defendant's motion to construe that notice to apply to both cases.

## II.    DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## III.    DISPOSITION

The judgment is affirmed.


                                                     /s/
                                                     MESIWALA, J.


We concur:


/s/
HULL, Acting P. J.


/s/
RENNER, J.